```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                       ELKINS
```

**KENNETH RICHARD LANE,**

      **Plaintiff,**

**v.**                                     **CIVIL ACTION NO. 2:20-CV-40**
                                                                            **(KLEEH)**

**GRAY TRANSPORTATION, INC., and**
**HIRERIGHT, LLC,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 10]**

Pending before the Court is Plaintiff's Motion to Remand [ECF No. 10]. Plaintiff filed the Motion to Remand pursuant to 28 U.S.C. § 1446(a), and moves to remand the case to the Circuit Court of Lewis County, West Virginia, alleging that Defendants have failed to satisfy their burden of proving the $75,000.00 amount in controversy requirement because Plaintiff filed a binding stipulation that the amount in controversy is less than $75,000.00. Id. For the reasons discussed herein, the Motion is **DENIED**.

        **I.**    **PROCEDURAL HISTORY**

On August 20, 2020, Plaintiff Kenneth Richard Lane ("Plaintiff" or "Lane") filed a Complaint against the Defendants, HireRight, LLC ("HireRight"), and Gray Transportation, Inc., ("Gray") (collectively, "Defendants") in the Circuit Court of

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 10]**

Lewis County, West Virginia. [ECF No. 1-1, Compl.]. Plaintiff's Summons and Complaint was served on Defendants on August 20, 2020, by certified mail, service accepted by the Secretary of State as the statutory attorney-in-fact on behalf of both "unauthorized foreign corporations." [ECF No. 1, Notice of Removal, ¶ 2; ECF No. 1-1, Docket Entries, Letter from the Secretary of State]. On September 21, 2020, Defendants timely filed a Notice of Removal from the Circuit Court and served a copy of the Notice of Removal on Plaintiff. [ECF No. 1, Notice of Removal; ECF No. 1-2, Notice of Filing of Notice of Removal].

This Court entered a First Order and Notice Regarding Discovery and Scheduling on September 21, 2020. [ECF No. 2]. On September 28, 2020, HireRight and Plaintiff filed a stipulation enlarging HireRight's time to answer or otherwise respond to Plaintiff's Complaint. [ECF No. 3]. On September 28, 2020, Gray filed a Motion to Dismiss. [ECF No. 6]. HireRight filed a Motion to Dismiss on October 12, 2020. [ECF No. 9]. Plaintiff then filed a Motion to Remand on October 21, 2020. [ECF No. 10]. Finally, HireRight filed a Motion to Strike Plaintiff's untimely response to motion to dismiss. [ECF No. 19].

Defendants filed a Joint Response in Opposition to Plaintiff's Motion to Remand on November 4, 2020. [ECF No. 23]. No reply brief was filed. The Motion to Remand is the subject of this Memorandum Opinion and Order.

## II. GOVERNING LAW

When an action is removed from state court, the district court must determine whether it has original jurisdiction over the plaintiff's claims. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" Id. (citations omitted). "Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted).

District courts have original jurisdiction of "civil actions arising under the Constitution, laws, or treaties of the United States" and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between "citizens of different states." 28 U.S.C. §§ 1331, 1332(a)(1). Where "the district courts have original jurisdiction, the district courts shall [also] have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 10]**

**A. Federal Question – 28 U.S.C. § 1331**

Removal may be proper when a "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. Where a federal statute creates the cause of action, the courts of the United States have federal subject matter jurisdiction over the case because it is deemed to be "arising under" federal law. Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986). The determination of whether a case arises under federal law is resolved within the four corners of a complaint. Id. A "suit arises under the law that creates the cause of action." Id. (quoting Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). A plaintiff "may avoid federal jurisdiction by relying exclusively on state law." Childers v. Chesapeake & Potomac Tel. Co., 881 F.2d 1259, 1261 (4th Cir. 1989).

The Fair Credit Reporting Act ("FCRA") is a federal law passed by the United States Congress. 15 U.S.C. § 1681 et seq. "An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction." Id. at § 1681p. District courts do not have exclusive jurisdiction over actions involving the violation of the Fair Credit Reporting Act; instead, the FCRA grants concurrent jurisdiction to both federal and state courts. Id.

4

**B. Diversity - 28 U.S.C. § 1332**

When a party seeks to remove a case based on diversity of citizenship, that party bears the burden of establishing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states[.]" 28 U.S.C. § 1332. Generally, § 1332 requires complete diversity among parties, which means that the citizenship of all defendants must be different from the citizenship of all plaintiffs. See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996).

It is required that an action "be fit for federal adjudication at the time the removal petition is filed." See 28 U.S.C. § 1441(a); Moffitt v. Residential Funding Co., LLC, 604 F.3d 156, 159 (4th Cir. 2010) (quoting Caterpillar Inc., 519 U.S. at 73). If the complaint does not contain a specific amount in controversy and the defendant files a notice of removal, "the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount," and "the court may consider the entire record" to determine whether that burden is met. Elliott v. Tractor Supply Co., No. 5:14CV88, 2014 WL 4187691, at *2 (N.D.W. Va. Aug. 21, 2014) (citation omitted).

If the defendant sufficiently proves by a preponderance of the evidence that the amount in controversy exceeds $75,000 and the parties are diverse, then removal is proper. Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553-54 (2014).

Case 2:20-cv-00040-TSK   Document 32   Filed 09/20/21   Page 6 of 20   PageID #: 253

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 10]**

"[A]bsent a binding stipulation signed by [the plaintiff] that he will neither seek nor accept damages in excess of $75,000, the Court must independently assess whether the defendant[] ha[s] proven by a preponderance of the evidence that [the] . . . complaint seeks damages in excess of $75,000." Virden v. Altria Group, Inc., 304 F. Supp. 2d 832, 847 (N.D.W. Va. 2004). The determination of whether the amount in controversy is satisfied is left to the Court's "common sense." Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 24 (S.D.W. Va. 1994). Where diversity jurisdiction is doubtful, remand is required. Maryland Stadium Authority v. Ellerbe Becket Incorporated, 407 F.3d 225, 260 (4th Cir. 2005).

A binding stipulation as to the amount in controversy prevents removal if "a formal, truly binding, pre-removal stipulation [is] signed by counsel and his client explicitly limit[s] recovery." McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 485 (S.D. W. Va. 2001) (citing Hicks v. Herbert, 122 F. Supp. 2d 699, 701 (S.D. W. Va. 2000)). "The requirement of a 'formal' stipulation is satisfied when the stipulation is signed and notarized." Taylor v. Capital One Bank (USA), N.A., No. 5:09-CV-00576, 2010 WL 424654, at *2 (S.D. W. Va. Feb. 4, 2010) (citing Hamilton, Burgess, Young & Pollard, PLLC v. Markel American Ins. Co., 2006 WL 218200 at *2 (S.D. W. Va. Jan. 25, 2006)). In addition, "[t]he stipulation should be filed contemporaneously with the complaint, which also

should contain the sum-certain prayer for relief." McCoy, 147 F. Supp. 2d at 486 (citing De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995)). Further, "only a binding stipulation that [Plaintiff] would not seek nor accept more than $75,000" can limit potential recovery. Virden v. Altria Grp., Inc., 304 F. Supp. 2d 832, 847 (N.D.W. Va. 2004).

Venue is proper in the district under 28 U.S.C. § 1441(1) when it embraces the place where the state court action was filed and remains pending. The Notice of Removal is timely if it is filed within thirty (30) days of service of Plaintiff's Complaint and Summons. 28 U.S.C. § 1446(b)(3). Under 28 U.S.C. 1446(a), Defendants are required to attach all process, pleadings, and orders on file in the state court action. Consent or joinder of all defendants is required when an action is removed under § 1441(a).

The four corners of Plaintiff's Complaint inform the Court if the jurisdictional requirements are satisfied. Plaintiff does not contest the parties' diversity of citizenship in his Motion to Remand. Plaintiff does, however, argue that Defendants have failed to show that (1) this Court has federal jurisdiction under any "federal question" and (2) the amount in controversy exceeds $75,000.00. [ECF No. 10 at 3].

### III. THE COMPLAINT

Plaintiff Kenneth Richard Lane ("Plaintiff" or "Lane") brings claims of discrimination and wrongful termination. He also alleges that Defendant Gray Transportation, Inc., ("Gray") violated the Wage Payment and Collection Act and that Defendant HireRight, LLC, ("HireRight") engaged in unfair practices under the Fair Credit Reporting Act.

Plaintiff was born on January 18, 1953 and was an experienced and licensed "over the road truck driver." ECF No. 1-1, Compl., ¶¶ 5, 6. In July 2018, Plaintiff was hired by Gray as an over the road truck driver. Id. at ¶ 5. Throughout the employment relationship, Plaintiff "met applicable job qualifications, was qualified for the position which he held, and performed the job in a manner which fully met any legitimate expectations of the defendant." Id. at ¶ 13. Gray provided Plaintiff with a tractor and one or more trailers to perform his job duties. Id. at ¶ 23. He alleges the equipment was in an unsafe condition. Id. at ¶ 23.

Plaintiff further alleges he was terminated because of his age and "upon his refusal to operate equipment in the course and scope of his employment" because it was unsafe to do so. Id. at ¶¶ 15, 16. Plaintiff asserts discrimination and ill treatment by Gray and was given no legitimate basis for Gray's alleged wrongful conduct. Id. at ¶¶ 12, 17. As a result of the termination in violation of West Virginia Code § 5-11-1 et seq., Plaintiff has

suffered "losses of earnings, and has suffered and continues to suffer humiliation, embarrassment, mental pain and anguish." Id. at ¶¶ 20, 21. Plaintiff also seeks all wages and salary for services performed for Gray under West Virginia Code § 21-5-4(b). Id. at ¶¶ 32-34.

Plaintiff also alleges that Gray failed to notify him in writing that he would be subject to a consumer credit report prepared by a consumer reporting agency, Defendant HireRight, LLC ("HireRight"). Id. at ¶ 49. HireRight, an alleged consumer reporting agency as defined by the Fair Credit Reporting Act, provided a consumer report concerning Plaintiff to Gray, which was "inaccurate, misleading, and incomplete." Id. at ¶¶ 38-40. The report contained inaccuracies that negatively impacted Plaintiff and he seeks "a statutory penalty from the defendants as well as attorney's fees, litigation costs and all other permitted damages. Id. at ¶¶ 50-52.

To satisfy West Virginia Circuit Court's jurisdictional threshold, Plaintiff alleges the amount in controversy, excluding interest, exceeds $7,500.00. Id. at ¶ 8. However, he goes on to allege the "total damages sought by the plaintiff, inclusive of all interest, costs, attorney fees and punitive damages does not exceed $75,000.00. Attached [to the Complaint] is the Stipulation of Plaintiff and Attorney for Plaintiff, confirming that the total amount of damages sought by the plaintiff inclusive of all

interest, costs, attorney's fees and punitive damages does not exceed $75,000.00." Id. at ¶ 52.

The "Stipulation of Plaintiff and Attorney for Plaintiff" stipulates that "plaintiff shall not accept an amount greater than $75,000.00 in this case, including any award of attorney fees, but excluding interest and costs." [ECF No. 1-1, Stipulation of Plaintiff and Attorney for Plaintiff]. The document is attested by both Plaintiff and his counsel and is notarized. Id.

The Complaint alleges the following causes of action:

1) Discrimination / Wrongful Termination against Defendant Gray Transportation, Inc.
2) Wage Payment against Defendant Gray Transportation, Inc.
3) Unfair Practices against Defendant HireRight, LLC.

Compl., ECF No. 1-1.

## IV.   DISCUSSION

Removal is timely because the Notice of Removal was filed on September 21, 2020, 30 days within Defendants' receipt of Plaintiff's Complaint and Summons. 28 U.S.C. § 1446(b). The Court analyzes Plaintiff's Complaint and Defendants' removal papers for federal question jurisdiction under § 1331 and diversity jurisdiction under § 1332, in turn.

### A. Federal Question Jurisdiction Exists on Plaintiff's FCRA Claim against HireRight.

When determining whether removal is proper, the Court must first determine whether it has original jurisdiction over the

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 10]**

Plaintiff's claims. District courts have original jurisdiction to hear cases where "a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. at 392. Here, Plaintiff pleaded one claim under federal law on the face of his complaint in Count III by alleging that Defendant HireRight violated provisions of the Fair Credit Reporting Act, a federal statute. ECF No. 1-1, Compl., ¶¶ 36-51. The only cause of action alleged against HireRight is violations of the FCRA. As Defendants point out, the FCRA, by its terms, grants concurrent jurisdiction to both federal and state courts. 15 U.S.C. § 1681p ("An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction.") ECF No. 23 at 5. Preemption is not argued by Plaintiff or Defendants; instead, Plaintiff reports that even if the FCRA preempts state law, this does not provide a sole basis for removal, and Defendants reject any preemption defense, arguing that this is not a preemption case because the only claim Plaintiff pleaded against HireRight was violations of the FCRA. ECF No. 10 at 7, ECF No. 23 at 6; see also Rule v. Ford Receivables, Inc., 36 F.Supp.2d 335, 338-39 (S.D.W. Va. 1999) (analyzing Harper v. TRW, 881 F.Supp. 294 (E.D. Mich. 1995) and holding that the FCRA's "preemptive force is not so

11

'extraordinary' as to constitute complete preemption").[1] Because Plaintiff pleaded a federal claim on the face of his complaint, federal jurisdiction exists as to that claim. 28 U.S.C. § 1331.

Satisfied that "[t]he federal claim has substance sufficient to confer subject matter jurisdiction on the court," the Court must turn to the question of supplemental jurisdiction over the remaining claims. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).

> The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole. That power need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them, Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188.

---

[1] Moreover, to the extent Plaintiff argues concurrent jurisdiction does not permit remand, that argument is without basis. FCRA jurisdiction is not exclusive to either federal or state courts. Given that jurisdiction clearly lies in this district court, Plaintiff is not entitled to remand simply because the Circuit Court of Lewis County, West Virginia is likewise legally empowered to do so as well. See Callison v. Charleston Area Medical Center, Inc., 909 F.Supp. 391, 394 (S.D.W. Va. 1995) ("The existence of concurrent jurisdiction does not require remand.")

12

Id.

Regarding the state law claims made by Plaintiff against Defendant Gray, these claims may be appropriately brought in federal court so long as the state claims are so related to the federal law claims that they create the "same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. The Plaintiff's state law claims — violation of West Virginia Code § 5-11-1 et seq. (Count I: Discrimination / Wrongful Termination) and violation of West Virginia Code § 21-5-1 et seq. (Count II: Wage Payment) — are so related to the same alleged conduct by the same Defendants as described in Plaintiff's federal claim. The claims implicate the employment relationship and matters that allegedly occurred during Plaintiff's tenure. The interests of judicial economy, efficiency and fairness to the litigants outweigh the federalism concerns present. Therefore, this Court can and will exercise its supplemental jurisdiction over the state law claims in Plaintiff's Complaint. 28 U.S.C. § 1367(a).

**B. Diverse Citizenship Exists Among the Parties.**

All parties agree that each has diverse citizenship. Plaintiff is a resident of the State of West Virginia and is therefore a citizen of the State of West Virginia for purposes of diversity jurisdiction. ECF No. 1, Notice of Removal, ¶ 10. Gray

Transportation, Inc., is a citizen of the State of Iowa because it is incorporated under the laws of Iowa and designates its principal place of business in Waterloo, Iowa. Id. at ¶ 11. HireRight, LLC, is a citizen of every state in which its owners or members are citizens. Gen. Tech. Applications, Inc., v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004). It is organized under the laws of the State of Delaware with a principal place of business in Oklahoma. ECF No. 1, Notice of Removal, ¶ 12. The sole member of HireRight is Corporate Risk Holdings, LLC, and is not a West Virginia citizen. Id. The sole member of Corporate Risk Holdings, LLC, is Corporate Risk Acquisition, LLC, and is also not a West Virginia citizen. Id. Finally, the sole member of Corporate Risk Acquisition, LLC, is Corporate Risk Holdings III, Inc., and is not a West Virginia citizen. Id. Therefore, complete diversity exists among the parties.

### C. Plaintiff's Stipulation Fails and the Amount in Controversy is Satisfied by a Preponderance of the Evidence; Therefore, Plaintiff's Motion to Remand Must Be Denied.

#### 1. Plaintiff's Stipulation is Missing Two Requirements

Defendants argue that Plaintiff's pre-removal stipulation filed with the Complaint falls short of the requirements necessary to avoid federal court. [ECF No. 23 at 7]. Again, the "Stipulation of Plaintiff and Attorney for Plaintiff" stipulates that "plaintiff shall not accept an amount greater than $75,000.00 in

14

this case, including any award of attorney fees, but excluding interest and costs." [ECF No. 1-1, Stipulation of Plaintiff and Attorney for Plaintiff].

Plaintiff's stipulation was filed pre-removal and contemporaneously with the Plaintiff's Complaint. The stipulation was signed by counsel and by Plaintiff. The stipulation would be valid, binding and effective to preclude removal, but for the absence of two things: a sum-certain prayer for relief in Plaintiff's Complaint and language indicating that Plaintiff would not seek any amount in excess of $75,000.00.

Plaintiff's complaint does not "contain the sum-certain prayer for relief" required by federal courts in this state. McCoy, 147 F. Supp. 2d at 486. Instead, the "total damages sought by the plaintiff, inclusive of all interest, costs, attorney fees and punitive damages does not exceed $75,000.00." ECF No. 1-1, Compl., ¶ 52. Neither does the stipulation contain language "that [Plaintiff] would **not seek nor accept** more than $75,000" in order to limit Plaintiff's potential recovery and avoid removal. Virden v. Altria Grp., Inc., 304 F. Supp. 2d 832, 847 (N.D.W. Va. 2004) (emphasis added).

Accordingly, the Court finds that Plaintiff's stipulation, standing alone, does not require remand. See Bailey v. SLM Corp., No. 5:11-cv-00715, 2012 WL 1598059, at *5 (S.D.W. Va. May 7, 2012) ("Plaintiff failed to include a sum-certain prayer of relief in

her complaint. . . . In light of this omission, Plaintiff's stipulation does not conform to the standard discussed in McCoy and would not be effective to defeat diversity jurisdiction."); Virden, 304 F. Supp. at 847 ("absent a binding stipulation signed by [Plaintiff] that he will neither seek nor accept damages in excess of $75,000, the Court must independently assess whether the defendants have proven by a preponderance of the evidence that [Plaintiff's] complaint seeks damages in excess of $75,000"). However, the Court's analysis does not stop here.

### 2. Defendants Show by a Preponderance of the Evidence Damages in Excess of $75,000.00.

A notice of removal may establish the amount in controversy. 28 U.S.C. § 1446(c)(2). When a complaint does not contain a specific amount in controversy and the defendant files a notice of removal, "the defendant bears the burden of proving . . . [the] jurisdictional amount," and "the court may consider the entire record" to determine whether that burden is met. Elliott v. Tractor Supply Co., No. 5:14CV88, 2014 WL 4187691, at *2 (N.D.W. Va. Aug. 21, 2014) (citation omitted). Defendants convincingly argue the Plaintiff is seeking damages arising from multiple violations of discrimination and wrongful termination stemming from the Human Rights Act and West Virginia Wage Payment and Collect Act. There remains little doubt that the total amount in controversy overcomes the excess of $75,000.00 requirement under 28 U.S.C. § 1332.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 10]**

Indeed, Defendants argue that the damages available under the West Virginia Human Right Act include back pay, front pay, injunctive relief, reinstatement, attorneys' fees and litigation expenses, and any other legal or equitable relief that the court may award. See W. Va. Code § 5-11-13; see also Dobson v. Eastern Associated Coal Corp., 422 S.E.2d 494, 502 (W. Va. 1992). Further, damages for "humiliation, embarrassment, mental pain, and anguish" are pleaded in Plaintiff's Complaint under Count I. Compl., ¶¶ 9-29.

Punitive damages are an available award under the Human Rights Act. See Hayes v. Rhone-Poulenc, Inc., 521 S.E.2d 331 (W. Va. 1999). "A good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages in the action." Hicks v. Herbert, 122 F. Supp.2d 699, 701 (S.D.W. Va. 2000) (citation omitted). West Virginia law permits recovery of punitive damages where clear and convincing evidence demonstrates "the defendant [acted] with actual malice toward the plaintiff or a conscious, reckless and outrageous indifference to the health, safety and welfare of others." W. Va. Code § 55-7-29(a). The West Virginia Legislature has limited the recovery of punitive damage awards within the state – "[t]he amount of punitive damages that may be awarded in a civil action may not exceed the greater of four times the amount of

compensatory damages or $500,000, whichever is greater." Id. Despite these caps, a request for punitive damages certainly looms large in assessing whether the jurisdictional amount in controversy is satisfied. "[A] request for punitive damages, where properly recoverable, inevitably inflates a plaintiff's potential recovery." Bryant v. Wal-Mart Stores E., Inc., 117 F.Supp.2d 555, 556 (S.D.W. Va. 2000). Here, punitive damages appear "properly recoverable" based on the allegations in the Complaint and, therefore, must be considered at this stage.

Plaintiff, of course, is master of his Complaint. His various damages allegations certainly push the amount in controversy above the jurisdictional threshold.  There are the aforementioned repeated allegations of "losses of earnings, and . . . humiliation, embarrassment, mental pain and anguish."  Compl., ¶ 20.  With respect to FCRA, Plaintiff alleges Hireright acted in a "negligent and/or reckless as well as willful and done in a deliberate or reckless disregard of the obligations" it owed Plaintiff." Compl., ¶ 48.  Plaintiff seeks an array of damages including punitive damages.  Compl., ¶ 52.

Certainly, from a clear reading of the Complaint, Plaintiff could be entitled to seek two-years' worth of unpaid wages and unpaid accrued fringe benefits under Count II. W. Va. Code § 21-5-4. Liquidated damages are also available under the West Virginia Wage Payment and Collect Act. Id. at § 21-5-4(e). Defendants

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 10]**

calculate Plaintiff's yearly salary to be $48,400.00, which, by itself, overcomes the $75,000.00 threshold, because Plaintiff's employment was terminated in summer 2018 and suit was filed in August 2020. ECF No. 1, Notice of Removal; see, e.g., Shumate v. DynCorp Int'l, No. 5:11-cv-00980, 2012 WL 830241, *1, *4 (S.D.W. Va. March 9, 2012) (salary earnings between termination and suit filed contributed to amount-in-controversy assessment). Finally, each statute at issue in the Complaint provides for the right to attorneys' fees, which are considered as part of the amount-in-controversy assessment. See Bartnikowski v. NVR, Inc., No. 09-1063, 307 Fed.Appx. 730, 736 n.12 (4th Cir. 2009).

Because this Court is required to use "common sense" in determining the amount in controversy, see Mullins, 861 F. Supp.2d at 847, and in using Plaintiff's allegations contained in the Complaint and Defendants' calculations provided in the Notice of Removal, it finds by a preponderance of the evidence that Plaintiff's damages are in excess of the amount in controversy requirement. Plainly, Defendants have sustained their burden and thus diversity jurisdiction exists. Because Defendants proved by a preponderance of the evidence the amount in controversy exceeds $75,000.00, the Court **DENIES** Plaintiffs' Motion to Remand. [ECF No. 10].

### V. CONCLUSION

For the reasons discussed above, the Motion to Remand is **DENIED** [ECF No. 10].

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

**DATED:** September 20, 2021

>  */s/* Thomas S. Kleeh
>  THOMAS S. KLEEH
>  UNITED STATES DISTRICT JUDGE