IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

KENNETH RICHARD LANE,

　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　CIVIL ACTION NO. 2:20-CV-40
　　　　　　　　　　　　　　　　　　　　　(KLEEH)

GRAY TRANSPORTATION, INC., and
HIRERIGHT, LLC,

　　　　　Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT GRAY TRANSPORTATION, INC.'S MOTION TO DISMISS [ECF NO. 6]

Pending before the Court is *Defendant Gray Transportation, Inc.'s Motion to Dismiss* [ECF No. 6]. For the reasons discussed herein, the Motion is **GRANTED**.

## I.　INTRODUCTION

On September 21, 2020, the Defendants, HireRight, LLC ("HireRight"), and Gray Transportation, Inc., ("Gray") (collectively, "Defendants"), removed this action from the Circuit Court of Lewis County, West Virginia. [ECF No. 1]. On September 28, 2020, HireRight and Plaintiff Kenneth Richard Lane ("Plaintiff" or "Lane") filed a stipulation enlarging HireRight's time to answer or otherwise respond to Plaintiff's Complaint. [ECF No. 3]. On September 28, 2020, Gray filed a Motion to Dismiss and memorandum in support. [ECF Nos. 6, 7]. HireRight filed a Motion to Dismiss on October 12, 2020. [ECF No. 9]. Plaintiff then filed

Lane v. Gray, et al.                                          2:20cv40

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT GRAY TRANSPORTATION, INC.'S MOTION TO DISMISS [ECF NO. 6]**

a Motion to Remand on October 21, 2020. [ECF No. 10]. Plaintiff filed a response to Gray's Motion to Dismiss. [ECF No. 19]. Finally, HireRight filed a Motion to Strike Plaintiff's untimely response to motion to dismiss. [ECF No. 20].

Gray's Motion to Dismiss [ECF No. 6] is the subject of this Memorandum Opinion and Order.

## II.  **FACTS**

In the Complaint, Plaintiff Kenneth Richard Lane ("Plaintiff" or "Lane") brings claims of discrimination and wrongful termination. He also alleges that Defendant Gray Transportation, Inc., ("Gray") violated the Wage Payment and Collection Act and that Defendant HireRight, LLC, engaged in unfair practices under the Fair Credit Reporting Act.

Plaintiff was born on January 18, 1953 and was an experienced and licensed "over the road truck driver."[1] ECF No. 1-1, Compl., ¶¶ 5, 6. In July 2018, Plaintiff was hired by Gray as an over the road truck driver. Id. at ¶ 5. Throughout the employment relationship, Plaintiff "met applicable job qualifications, was

---

[1] The Court takes the facts from the complaint and construes them in the light most favorable to Plaintiff Lane. See De'Lonta v. Johnson, 708 F.3d 520, 524 (4th Cir. 2013).

Lane v. Gray, et al.                                          2:20cv40

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT GRAY TRANSPORTATION, INC.'S MOTION TO DISMISS [ECF NO. 6]

qualified for the position which he held, and performed the job in a manner which fully met any legitimate expectations of the defendant." Id. at ¶ 13. Gray provided Plaintiff with a tractor and one or more trailers to perform his job duties. Id. at ¶ 23. He alleges the equipment was in an unsafe condition. Id. at ¶ 23.

Plaintiff further alleges he was terminated because of his age and "upon his refusal to operate equipment in the course and scope of his employment" because it was unsafe to do so. Id. at ¶¶ 15, 16. Plaintiff asserts discrimination and ill treatment by Gray and was given no legitimate basis for Gray's alleged wrongful conduct. Id. at ¶¶ 12, 17. As a result of the termination in violation of West Virginia Code § 5-11-1 et seq., Plaintiff has suffered "losses of earnings, and has suffered and continues to suffer humiliation, embarrassment, mental pain and anguish." Id. at ¶¶ 20, 21. Plaintiff also seeks all wages and salary for services performed for Gray under West Virginia Code § 21-5-4(b). Id. at ¶¶ 32-34.

Plaintiff also alleges that Gray failed to notify him in writing that he would be subject to a consumer credit report prepared by a consumer reporting agency, Defendant HireRight, LLC ("HireRight"). Id. at ¶ 49. HireRight, an alleged consumer reporting agency as defined by the Fair Credit Reporting Act,

3

Lane v. Gray, et al.                                           2:20cv40

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT GRAY TRANSPORTATION, INC.'S MOTION TO DISMISS [ECF NO. 6]

provided a consumer report concerning Plaintiff to Gray, which was "inaccurate, misleading, and incomplete." Id. at ¶¶ 38-40. The report contained inaccuracies that negatively impacted Plaintiff and he seeks "a statutory penalty from the defendants as well as attorney's fees, litigation costs and all other permitted damages." Id. at ¶¶ 50-52.

On August 20, 2020, Plaintiff filed a Complaint alleging the following causes of action:

> 1) Discrimination / Wrongful Termination against Defendant Gray Transportation, Inc.
> 2) Wage Payment against Defendant Gray Transportation, Inc.
> 3) Unfair Practices against Defendant HireRight, LLC.

Compl., ECF No. 1-1.

### III. LEGAL STANDARD

#### a. Fed. R. Civ. P. 12(b)(2)

When a defendant files a Federal Rule of Civil Procedure 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the ultimate burden of showing that jurisdiction exists by a preponderance of the evidence. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005). However, where a court makes a Rule 12(b)(2) determination without a hearing and based only on the written record, as the

Lane v. Gray, et al.                                    2:20cv40

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT GRAY TRANSPORTATION, INC.'S MOTION TO DISMISS [ECF NO. 6]

Court does here, the plaintiff need only put forth a prima facie showing of jurisdiction "by pointing to affidavits or other relevant evidence." Henderson v. Metlife Bank, N.A., No. 3:11-cv-20, 2011 WL 1897427, at *6 (N.D. W. Va. May 18, 2011); see also New Wellington Fin. Corp., 416 F.3d at 294. The Court must then "construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." New Wellington Fin. Corp., 416 F.3d at 294; see also 5B Wright & Miller, Federal Practice and Procedure § 1351 (3rd. ed.).

Under Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, a federal district court may exercise personal jurisdiction over a defendant to the same degree that a counterpart state court could do so. See Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners, 229 F.3d 448, 450 (4th Cir. 2000). Importantly as a result, for a district court to have jurisdiction over a nonresident defendant, the exercise of jurisdiction (1) must be authorized under the state's long-arm statute, and (2) must comport with the due process requirements of the Fourteenth Amendment. Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citing Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th

**Lane v. Gray, et al.**                                    **2:20cv40**

MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT GRAY
TRANSPORTATION, INC.'S MOTION TO DISMISS [ECF NO. 6]

Cir. 2001)). As West Virginia's long-arm statute provides
jurisdiction to the full extent allowable under the United States
Constitution, see W. Va. Code § 56-3-33, the Court need only
consider whether the exercise of personal jurisdiction would
comport with the Due Process Clause.

For a district court to assert jurisdiction over a nonresident
defendant within the confines of due process, the defendant must
have "minimum contacts" with the forum state such that it is
consistent with "fair play and substantial justice." Int'l Shoe
Co. v. Washington, 326 U.S. 310, 316 (1945). The Fourth Circuit,
following the United States Supreme Court, states that an out-of-
state defendant must have minimum contacts that are purposeful to
help "ensure that non-residents have fair warning that a particular
activity may subject them to litigation within the forum." In re
Celotex Corp., 124 F.3d 619, 628 (4th Cir. 1997).

Whether a defendant possesses such minimum contacts is
analyzed by looking to whether the plaintiff seeks to establish
"specific" or "general" jurisdiction. Specific jurisdiction occurs
when the defendant's contacts with the forum state form the basis
of the suit. Carefirst, 334 F.3d at 397. In determining whether a
defendant's contacts support the exercise of specific
jurisdiction, a district court considers the following: "(1) the

6

Lane v. Gray, et al.                                    2:20cv40

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT GRAY TRANSPORTATION, INC.'S MOTION TO DISMISS [ECF NO. 6]**

extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" Id. at 396. Where the defendant's contacts are unrelated to the basis of the suit, a court must look to the requirements of general jurisdiction. Id. at 397.

### b. Fed. R. Civ. P. 12(b)(5)

Actions can also be dismissed for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. West Virginia's long-arm statute provides jurisdiction to the full extent allowable under the United States Constitution. W. Va. Code § 56-3-33. W. Va. Code § 56-3-33 addresses service of process on a nonresident corporation:

> The engaging by a nonresident, or by his or her duly authorized agent, in any one or more of the acts specified in subdivisions (1) through (7),[2] inclusive,

---

[2] Subdivisions (1) through (7) are:
(1) Transacting any business in this state;
(2) Contracting to supply services or things in this state;
(3) Causing tortious injury by an act or omission in this state;
(4) Causing tortious injury in this state by an act or omission outside this state if he or she regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

Lane v. Gray, et al.                                    2:20cv40

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT GRAY
### TRANSPORTATION, INC.'S MOTION TO DISMISS [ECF NO. 6]

of this subsection shall be considered equivalent to an
appointment by a nonresident of the Secretary of State,
or his or her successor in office, to be his or her true
and lawful attorney upon whom may be served all lawful
process in any action or proceeding against him or her,
in any circuit court in this state, . . . for a cause of
action arising from, or growing out of, such act or acts,
and the engaging in such act or acts shall be a
signification of such nonresident's agreement that any
such process against him or her, which is served in the
manner hereinafter provided, shall be of the same legal
force and validity as though such nonresident were
personally served with a summons and complaint within
this state . . .

"The plaintiff bears the burden of establishing that the

service of process has been performed in accordance with the

requirements of Federal Rule of Civil Procedure 4." Ballard v. PNC

Financial Servs. Group, Inc., 620 F.Supp.2d 733, 735 (S.D.W. Va.

2009) (internal citation omitted). § 31D-15-1510 provides that the

Secretary of State is authorized as an attorney-in-fact for a non-

resident corporation to "accept service of notice and process on

behalf of [the] corporation and is an agent of the corporation

---

(5) Causing injury in this state to any person by breach of warranty
expressly or impliedly made in the sale of goods outside this state when he
or she might reasonably have expected the person to use, consume, or be
affected by the goods in this state: *Provided,* That he or she also regularly
does or solicits business, or engages in any other persistent course of
conduct, or derives substantial revenue from goods used or consumed or
services rendered in this state;
(6) Having an interest in, using, or possessing real property in this state;
or
(7) Contracting to insure any person, property, or risk located within this
state at the time of contracting. W. Va. Code § 56-3-33(a)(1)-(7).

Lane v. Gray, et al.                                                    2:20cv40

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT GRAY TRANSPORTATION, INC.'S MOTION TO DISMISS [ECF NO. 6]

upon whom service of notice and process may be made" and "[s]ervice of any process, notice or demand on the Secretary of State may be made by delivering to and leaving with the Secretary of State the original process, notice or demand and one copy of the process, notice or demand for each defendant, along with the fee . . . ."

## IV.   DISCUSSION

Defendant Gray filed the instant motion to dismiss arguing Plaintiff's Complaint should be dismissed pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure because (1) Plaintiff failed to satisfy the requirements for this Court to have personal jurisdiction over Gray, and (2) Plaintiff's service of process on Gray was insufficient. [See ECF No. 7]. Plaintiff responded in opposition to the motion arguing that the complaint survives the motion to dismiss because he established a prima facie case that Defendant Gray is subject to personal jurisdiction and was properly served with process. [ECF No. 19].

### a. Plaintiff Lane falls short of his prima facie burden in the personal jurisdiction inquiry. Fed. R. Civ. P. 12(b)(2).

Defendant Gray argues the Court does not have personal jurisdiction over Defendant because there are insufficient minimum

9

Lane v. Gray, et al.                                    2:20cv40

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT GRAY TRANSPORTATION, INC.'S MOTION TO DISMISS [ECF NO. 6]

contacts with the forum State to render the exercise of jurisdiction over the Defendant constitutionally permissible. [See ECF No. 7]. Specifically, "the contacts upon which Plaintiff is anticipated to rely were contacts of Plaintiff, not of the non-resident Defendant." Id. Plaintiff alleges that Defendant Gray, an Iowa corporation with a principal place of business in Waterloo, Iowa, has sufficient contacts with West Virginia so as to justify the Court's exercise of specific jurisdiction. [See ECF No. 19].[3] Specifically, Plaintiff, a West Virginia citizen and resident, asserts that Gray's employment website targeted him, he applied for employment through the website, and Gray's intent to obtain employees by way of the website subjects it to personal jurisdiction in West Virginia. Id. Plaintiff also executed documents and authorizations on the website. Id.

The Court's analysis here turns on these three factors: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction

---

[3] While Plaintiff cites to Helicopteros Nacionales de Columbia, L.A. v. Hall, 466 U.S. 408 (1984) and makes one mention of the standard in evaluating general jurisdiction, Plaintiff fails to argue or make any showing of general jurisdiction here.

Lane v. Gray, et al.                                        2:20cv40

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT GRAY TRANSPORTATION, INC.'S MOTION TO DISMISS [ECF NO. 6]

would be constitutionally 'reasonable.'" Carefirst, 334 F.3d at 396. "The relationship [among the defendant, the forum, and the litigation] must arise out of contacts that the 'defendant himself' creates with the forum State." Walden v. Fiore, 571 U.S. 277 (2014) (citing Burger King Corp. v. Rudzewicz, 471 U. S. 462, 475 (1985)). "Fairness is the touchstone of the jurisdictional inquiry." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 559 (4th Cir. 2014) (internal quotation and citation omitted).

In the business context, the purposeful availment evaluation is: (1) "whether the defendant maintains offices or agents in the forum state;" (2) "whether the defendant owns property in the forum state;" (3) "whether the defendant reached into the forum state to solicit or initiate business;" (4) "whether the defendant deliberately engaged in significant or long-term business activities in the forum state;" (5) "whether the parties contractually agreed that the law of the forum state would govern disputes;" (6) "whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship;" (7) "the nature, quality and extent of the parties' communications about the business being transacted;" and (8) "whether the performance of contractual duties was to occur within the forum." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553,

Lane v. Gray, et al.                                        2:20cv40

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT GRAY
TRANSPORTATION, INC.'S MOTION TO DISMISS [ECF NO. 6]**

559 (4th Cir. 2014), (quoting Consulting Eng'rs Corp. v. Geometric
Ltd., 561 F.3d 273, 278 (4th Cir. 2009) (citations
omitted)). Generally, a "foreign defendant has purposefully
availed itself of the privilege of conducting business in the forum
state when the defendant substantially collaborated with a forum
resident and that joint enterprise constituted an integral element
of the dispute." Id.; (quoting Tire Eng'g v. Shandong Linglong
Rubber Co., 682 F.3d 292, 302 (4th Cir. 2012) (internal quotations
omitted)). In contrast, purposeful availment lacks in cases where
"the locus of the parties' interaction was overwhelmingly
abroad." Tire Eng'g, 682 F.3d at 302.

Plaintiff cites a variety of cases from several districts in
his response brief, but mostly relies upon UMG Recordings, Inc. v.
Kurbanov, 963 F.3d 344 (4th Cir. 2020) and Ratliff v. Venture
Express, Inc., No. 17-C-7214, 2019 WL 1125820 (N.D. Ill. 2019).[4]
The Fourth Circuit held that a website where there is a large
volume of visitors and repeated interactions from a state subjects
the defendant to that state's jurisdiction. See UMG Recordings,
Inc. v. Kurbanov, 963 F.3d 344, 353-54 (4th Cir. 2020).

_____

[4] Plaintiff also cites, with little to no discussion: Henderson v.
Laser Spine Institute, 815 F.Supp.2d 353 (D.Me. 2011) and McGraw-
Hill Global Education Holdings, LLC v. Khan, 343 F.Supp.3d 488
(S.D. N.Y. 2018).

Lane v. Gray, et al.                                        2:20cv40

MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT GRAY
TRANSPORTATION, INC.'S MOTION TO DISMISS [ECF NO. 6]

In Kurbanov, twelve American record companies sued a Russian defendant who operated two "stream-ripping" websites "through which audio tracks may be extracted from videos available on various internet platforms, such as YouTube, and converted into a downloadable format (e.g., mp3)." Id. at 348. Because the defendant had "purposefully availed himself of the privilege of conducting business in Virginia and thus had a 'fair warning' that his forum-related activities could 'subject [him] to [Virginia's] jurisdiction," the Kurbanov Court found personal jurisdiction over the defendant and relied in part on the number of Virginia visitors to the website. Id. at 353.

The District Court for the Northern District of Illinois in Ratliff v. Venture Express, Inc., No. 17-C-7214, 2019 WL 1125820 (N.D. Ill. 2019) also discussed specific jurisdiction as alleged here by Plaintiff Lane. That district court found that the defendant corporation had "purposefully availed itself of the privilege of conducting business in Illinois by setting up a website through which Illinois residents could submit job applications . . . and received [Plaintiff's] application through the website." Id. at *8. In Ratliff, the record shows a back-and-forth transactional relationship between the plaintiff and the defendant's website. Id. The Ratliff Court acknowledged that

13

Lane v. Gray, et al.                                        2:20cv40

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT GRAY TRANSPORTATION, INC.'S MOTION TO DISMISS [ECF NO. 6]

"simply operating an interactive website that is accessible from the forum state is not enough for personal jurisdiction" and that the defendant is required to "in some way *target* the forum state's market." Id. at *9 (internal citation omitted) (emphasis in original). Notably, the Court analyzed that the defendant went beyond the threshold for purposeful availment because "it engaged in the hiring process with an applicant from Illinois in a way that triggered an FCRA obligation to send information to that applicant." Id.

This case is different than both Kurbanov and Ratliff cases. Even having only a prima facie burden, Plaintiff reaches here, and ultimately fails. Plaintiff provided no evidence that Gray targets the forum state with its website or other activity. No evidence regarding the website information and/or user statistics in West Virginia or any other state was provided. Plaintiff did not bother to name the website at issue. The Court is unaware of how Plaintiff used the website, how many times he accessed it, and how Gray allegedly targeted Plaintiff with its website so as to purposefully avail itself of West Virginia's forum laws. The Court also cannot garner from the record that Gray had fair warning that its website, or its other forum-related activities since the year 1985 – having two employees who reside in West Virginia, one delivery to

14

Lane v. Gray, et al.                                          2:20cv40

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT GRAY TRANSPORTATION, INC.'S MOTION TO DISMISS [ECF NO. 6]

Stonewall Resort, and one driving citation from the state - would subject it to West Virginia's jurisdiction. See Kurbanov, 963 F.3d at 353, Ratliff, 2019 WL 1125820 at *8-9.

The contacts found dispositive in Kurbanov have significantly more depth than anything found here. That comparative significance is a required analysis.

> In the context of online activities and websites, as here, we have also recognized the need to adapt traditional notions of personal jurisdictions. We have adopted the "sliding scale" model articulated in Zippo Manufacturing Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119 (W.D. Pa. 1997), to help determine when a defendant's online activities are sufficient to justify the exercise of personal jurisdiction. See ALS Scan, 293 F.3d at 707. Regardless of where on the sliding scale a defendant's web-based activity may fall, however, "[w]ith respect to specific jurisdiction, the touchstone remains that an out-of-state person have engaged in some activity purposefully directed toward the forum state ... creat[ing] a substantial connection with the forum state." ESAB Grp., Inc., 126 F.3d at 625 (internal quotation marks and alteration omitted).

Kurbanov, 963 F.3d at 352-53. The interactive nature of the websites and traffic was important, although not dispositive. Id. at 353. The volume of traffic – over 1.5 million visits – was also notable. Id. Repeated interaction even in the absence of monetary transactions justified the exercise of jurisdiction. Id.

15

Lane v. Gray, et al.                                              2:20cv40

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT GRAY TRANSPORTATION, INC.'S MOTION TO DISMISS [ECF NO. 6]

The Fourth Circuit summarized the defendant's conduct establishing purposeful availment as follows:

> Rather, Kurbanov actively facilitated the alleged music piracy through a complex web involving Virginia visitors, advertising brokers, advertisers, and location-based advertising. From Virginia visitors, he collected personal data as they visited the Websites. To the advertising brokers, he sold the collected data and advertising spaces on the Websites. For end advertisers, he enabled location-based advertising in order to pique visitors' interest and solicit repeated visits. And through this intricate network, Kurbanov directly profited from a substantial audience of Virginia visitors and cannot now disentangle himself from a web woven by him and forms the basis of Appellants' claims.

Id. at 355.  Using the "sliding scale" analysis, Gray's conduct here falls fall short of the jurisdictional threshold.  See id. ("Indeed, this is not a situation where a defendant merely made a website that happens to be available in Virginia.").

In 2002 – a lifetime ago in technology years – the Fourth Circuit noted

> [w]e are not prepared at this time to recognize that a State may obtain general jurisdiction over out-of-state persons who regularly and systematically transmit electronic signals into the State via the Internet based solely on those transmissions. Something more would have to be demonstrated. And we need not decide today what that "something more" is because ALS Scan has shown no more.

16

**Lane v. Gray, et al.**                                         **2:20cv40**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT GRAY
TRANSPORTATION, INC.'S MOTION TO DISMISS [ECF NO. 6]**

ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707,
715 (4th Cir. 2002). That holding remains precedential here
however. Something more than having an available website is
necessary for a forum to have jurisdiction over a defendant. See
id. at 715-16 (citing GTE New Media Servs., Inc. v. BellSouth
Corp., 199 F.3d 1343 (D.C. Cir. 2000) and Mink v. AAAA Dev. LLC,
190 F.3d 333 (5th Cir. 1999)).

Defendant Gray's contacts with West Virginia are insufficient
to require Gray to defend its interests in this state. Gray has no
contracts to be performed in the state, did not commit any tort in
the state, and does not make, sell, offer, or supply any products
in the state. See Universal Leather, LLC v. Koro AR, S.A., 773
F.3d 553, 559 (4th Cir. 2014); see also W. Va. Code § 56-3-33.
Defendant Gray maintains it was Plaintiff who contacted Gray for
employment, and Plaintiff went to Iowa to complete the employment
process and to pick up the vehicle that he was assigned for work
– making the contacts at issue the contacts of Plaintiff, not of
the non-resident Defendant.

The best evidence of Defendant Gray's contacts with the state
of West Virginia lies in Darrin Gray's affidavit. Any employment
decisions, including termination decisions and wage payment

17

Lane v. Gray, et al.                                              2:20cv40

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT GRAY TRANSPORTATION, INC.'S MOTION TO DISMISS [ECF NO. 6]

decisions were made in Iowa. See Affidavit of Darrin Gray, Ex. A. Gray's president, Darrin Gray, submits that the corporation operates in many states, none of which are West Virginia. Id. at ¶ 4. The regional division operates in nine states, none of which are West Virginia. Id. at ¶ 5. Gray is not registered to do business, was never previously registered to conduct business, and does not regularly conduct business in West Virginia. Id. at ¶¶ 6-12. Gray has no office location in West Virginia and has never owned real property in the state.  Id. at ¶¶ 8-10. Employees complete essential pre-employment processes, drug screenings, job trainings, and vehicle pick-up in the state of Iowa. Id. at ¶¶ 15-20. Meanwhile, Plaintiff admittedly supplies only two instances where Defendant Gray engaged in business in the state of West Virginia, aside from Gray's website. First, Plaintiff quotes a delivery of Gray to Stonewall Resort in Roanoke, West Virginia, on or about July 27, 2018. [See Bill of Lading, Exhibit 1 to Response]. Second, Plaintiff points to a Gray employee who was cited for "speeding 6-10 miles per hour over the speed limit" while driving in the state of West Virginia. [See Exhibit 2 to Response]. None of these recorded interactions with the forum state are sufficient to support personal jurisdiction.

Lane v. Gray, et al.                                            2:20cv40

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT GRAY TRANSPORTATION, INC.'S MOTION TO DISMISS [ECF NO. 6]

**b. Plaintiff Lane failed to properly serve Defendant Gray under Fed. R. Civ. P. 12(b)(5).**

The Court turns to the second jurisdiction issue raised by Gray in the Motion to Dismiss. [ECF No. 6]. Defendant Gray's assertion here is related to Section IV.a., supra. Gray argues service on Gray was insufficient in that service was attempted through the West Virginia Secretary of State, which has no legal authority to serve as Gray's agent or attorney-in-fact for service of process. [See ECF No. 7]. Plaintiff maintains Gray, if personal jurisdiction exists, was properly served with process through the West Virginia Secretary of State pursuant to West Virginia Code § 31D-15-1510(e). [See ECF No. 19]. Here, because the forum state lacks personal jurisdiction over Gray, Plaintiff failed to properly serve Gray pursuant to the Federal Rules of Civil Procedure and West Virginia Code.

**c. Plaintiff is not entitled to jurisdiction discovery.**

Plainly, Plaintiff has not demonstrated he is entitled to jurisdictional discovery. Plaintiff spends approximately one page of his response brief moving in the alternative for jurisdiction discovery. He seeks to discover information that would establish jurisdiction but there is no reason to believe that any "additional

19

Lane v. Gray, et al.                                          2:20cv40

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT GRAY TRANSPORTATION, INC.'S MOTION TO DISMISS [ECF NO. 6]

information would . . . alter the analysis of personal jurisdiction." [ECF No. 19]; Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 403 (4th Cir. 2003) (internal quotation and alteration omitted). District courts "have broad discretion in [their] resolution of discovery problems." Carefirst, 334 F.3d at 402 (internal citation omitted). "When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." Id. (internal citation omitted). Here, while Gray submitted a sworn affidavit by Darrin Gray, the president of the corporation, Plaintiff submitted a Bill of Lading from a one-time shipment, a department of transportation spreadsheet showing vehicle violations, and a wage claim denial from the Division of Labor. [ECF No. 19, Exhibits 1, 2, 3]. Next to Gray's sworn affidavit, Plaintiff has signaled no indication of misconduct on behalf of Gray and certainly nothing beyond bare allegations. Plaintiff's request for jurisdictional discovery is denied.

### V.   CONCLUSION

For the reasons discussed above, the Motion to Dismiss is **GRANTED** [ECF No. 6].

**Lane v. Gray, et al.**                                                   **2:20cv40**

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT GRAY TRANSPORTATION, INC.'S MOTION TO DISMISS [ECF NO. 6]

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

**DATED:**  September 24, 2021


/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE

21